Hearing Date: December 1, 2004 at 10:00 a.m.

**JAMES NORMAN MORRIS**
**Plaintiff, *Pro Se***
**1233 Kahler Avenue**
**Rosedale, Maryland 21237-2826**
**(410) 687-6943**
**(443) 570-0239**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re**<br><br>**BETHLEHEM STEEL CORPORATION, et al.**<br><br>**Debtors.** | **Chapter 11 Case Nos.**<br><br>**01-15288 through 01-15302, and 01-15308 through 01-15315 (BRL) (Jointly Administered)** |

**MOTIONS TO COMPEL TRUSTEE TO RELEASE FUNDS AND SURRENDER DOCUMENTS**

TO THE HONORABLE BURTON R. LIFLAND,
UNITED STATES BANKRUPTCY COURT:

James N. Morris, Plaintiff *Pro Se*, does come before this Court and state:

1. That the Debtor allowed Plaintiff's "general unsecured claim (claim number 5258) in the full amount of $1,900,000.00". Please read Exhibit (1) attached.

2. That the Court empowered the Trustee to distribute the Liquidating Trust Assets to the holders of Allowed General Unsecured Claims after July 1, 2004. Please read Exhibit (2) attached.

3. That Plaintiff has come before the Court previously to have the Automatic Stay removed. Please read Exhibit (5).

4. That the **other** Defendants in the State action are claiming that they have claims (and or cross-claims) against Bethlehem Steel Corporation in the State action and that the State action cannot proceed until the Automatic Stay is released by the conclusion of **all** the Bankruptcy cases being closed. Please read Exhibits (3), (4)

5. That the Defendants, Keibler-Thompson Corporation and Kvaerner-Songer Corporation have not submitted to the State Court documentation stating the filing of claims with the Bankruptcy Court prior to the **"BAR DATES"** that were previously set by this Bankruptcy Court and have now passed.

6. That the State Court has **Denied** Plaintiff's Motion to Remove Bethlehem Steel Corporation form the State action.

**ACTION REQUESTED FROM THE COURT**

1. That the Trustee be ordered to disburse to the Plaintiff as soon as possible, the amount of reasonable funds as may be expected in the future, or has been disbursed to other Allowed General Unsecured Claims to date; that Plaintiff shall have funds for medical care.

2. That the Trustee be ordered to release to the Plaintiff all the records or copies of all the records, of the Bethlehem Steel Corporations' Sparrows Point Plant, to include the Sparrows Point Police Department operated by the Bethlehem Steel Corporations' Sparrows Point Plant, pertaining to the May 24, 1999 accident at the Sparrows Point Steel Plant when and where Plaintiff was injured, to include all the records and photographs of the Sparrows Point Police Department pertaining to the accident.

3. That the Trustee be ordered to release to the Plaintiff all records or copies of all the records of insurance policies held by the Bethlehem Steel Corporations' Sparrows Point Plant from May 23, 1999 through October 15, 2001; to include specifically the documents that covered personal injures of none employees' that show insurance or a "Bond" contract or agreement with state or federal authority.

4. That the Court take appropriate sanction action against the Debtors if the records were not surrendered to the Court as previously ordered and that the Court consider restitution to the Plaintiff for damages that shall result in the State action.

5. That the Plaintiff receive a written Ruling from this Court addressed to the State Court stating if case number 01-15288 is closed. If case number 01-15288 is not closed, Plaintiff requests knowledge of what is holding it open.

6. That the Plaintiff receive a written Ruling from this Court addressed to the State Court stating that there is, or is not, legal ground that the Debtor, Bethlehem Steel Corporation / Estate can be held accountable by the other Defendants in the State Court for claims and or cross-claims prior to the October 15, 2001 bankruptcy filing and or after the "BAR" dates previously set by the bankruptcy court have expired.

7. That the Plaintiff receive a written ruling from this Court addressed to the State Court stating that case number 03-C-99-008278 may proceed and that the Defendants are barred by federal law from proceeding against the Bethlehem Steel Corporation in the future.

8. That the Court reconsider and give a written Ruling that the Trustee has the only jurisdiction other than the bankruptcy Court to pursue action for recovery in the

name of the Bethlehem Steel Corporation or Estate, and that funds recovered from any such action is required to go into the fund to pay all Allowed General Unsecured Claims.

9. That the Court order the Debtor, the Bethlehem Steel Corporation / Estate and the Trustee to surrender immediately any contract or a copy of any contract that placed Defendant Keibler-Thompson Corporation as subordinate to Third-Party Defendant Kvaerner-Songer Corporation on May 24, 1999, and that the Debtor be required to give a written acknowledgement to the Court and the Plaintiff at the soonest possible date if no contract is found to exist.

10. That the Court give a written ruling, or **Amend** the previously issued authorization for "***Plaintiff to Remove or Dismiss Bethlehem Steel from the State action***" by stating:

> **"In the State action, the Baltimore County Circuit Civil Court is prohibited from any consideration of claims or cross-claims, as such matters were and are the jurisdiction of the Federal Bankruptcy Court in Chapter 11 cases and that as all "BAR DATES" have passed and any claims not previously filed and authorized are now mute. That any claims or cross-claims not allowed by the Debtor and authorized by the Court and listed with the Trustee for payment as Allowed General Unsecured Claims of the Defendant Keibler-Thompson Corporation, the Third-party Defendant Kvaerner-Songer Corporation, or Defendant Raymond Graf and Benjamin R. Goertemiller, Esquire previously of the Bethlehem Steel Corporation's subcontracted outside counsel, are not now or in the future pursuable for indemnification for reimbursement in the State or Federal Court's."**

Your Honor, your action in regard to this case is deeply appreciated!

Very Respectfully Yours,

James N. Morris
Plaintiff Pro Se
1233 Kahler Avenue,
Rosedale, Maryland 21237-2826
Tel: (410) 687-6943
Cell: (443) 570-0239

**I hereby certify,** that the above information was sent by FAX to those listed below this November 15, 2004.

James N. Morris
Plaintiff Pro Se
1233 Kahler Avenue,
Rosedale, Maryland 21237-2826
Tel: (410) 687-6943
Cell: (443) 570-023

Mr. Frank Ciaccio, Trustee
Fax: (212) 556-2222
Tel: (212) 556-2285

Weil, Gotshal & Manges LLP
Fax: (212) 310-8007
Tel: (212) 310-8000

# Office DEPOT

**What you need. What you need to know.**

## Fax Transmission

*PLEASE PRINT*

TO: Frank Ciaccio Trustee

FROM: James Morris

FAX NUMBER: 1-212-556-2222

SENDER'S PHONE #: 1-410-687-6943

DATE: 11-15-04

# OF PAGES: 21

Customer's Notes: Hearing Date For Motion To Compel Debtor & Trustee (Bethlehem Steel)

**Receiver:** If you have any difficulties with this transmission, please contact the sender at the phone number listed above.

OFFICE DEPOT'S TERMS OF USE

SENDER AGREES NOT TO USE THIS FAX TO: (I) TRANSMIT MATERIAL WHOSE TRANSMISSION IS UNLAWFUL, HARASSING, LIBELOUS, ABUSIVE, THREATENING, HARMFUL, VULGAR, OBSCENE, PORNOGRAPHIC OR OTHERWISE OBJECTIONABLE; (II) CREATE A FALSE IDENTITY, OR OTHERWISE ATTEMPT TO MISLEAD OTHERS AS TO THE IDENTITY OF THE SENDER OR THE ORIGIN OF THIS FAX; (III) POST OR TRANSMIT ANY MATERIAL THAT MAY INFRINGE THE COPYRIGHT, TRADE SECRET, OR OTHER RIGHTS OF ANY THIRD PARTY; (IV) VIOLATE ANY FEDERAL, STATE OR LOCAL LAW IN THE LOCATION, OR (V) CONDUCT ACTIVITIES RELATED TO GAMBLING, SWEEPSTAKES, RAFFLES, LOTTERIES, CONTESTS, PONZI SCHEMES OR THE LIKE.

PLEASE NOTE THAT OFFICE DEPOT DOES NOT REVIEW THE CONTENTS OF ANY FAX SENT USING ITS SERVICES. FURTHER, BY SIGNING BELOW THE SENDER OF THIS FAX HEREBY AGREES TO INDEMNIFY OFFICE DEPOT TO THE FULLEST EXTENT OF THE LAW AND FOR ANY AND ALL CLAIMS, SUITS, OR DAMAGES ARISING OUT OR IN CONNECTION WITH THE REQUEST TO SEND, OR SENDING THIS FAX.

X James Morris

(CUSTOMER'S SIGNATURE)

## VISIT OFFICE DEPOT FOR YOUR:

- Color Copies- Black & White Copies
- Digital and High Volume Copies
- Business Cards, Letterhead and Envelopes
- Custom Pre-Inked Stamps
- Customs Signs and Banners
- UPS Shipping Service
- Passport Photos
- Ad Specialties

**Store Information**

**Office Depot**
8640 Pulaski Highway, Unit 103
Rosedale, Maryland 21237
410-687-7060
Fax: 410-687-7065
E-mail:ods02207cpc@officedepot.com

**Thank you for using Office Depot's Customer FAX Service**

TRANSMISSION VERIFICATION REPORT

TIME : 11/15/2004 15:22
NAME :
FAX :
TEL :
SER.# : BROF3J505007

| | |
|---|---|
| DATE,TIME | 11/15 15:15 |
| FAX NO./NAME | 12125562222 |
| DURATION | 00:07:03 |
| PAGE(S) | 22 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

# Office DEPOT

What you need. What you need to know.™

## Fax Transmission

***PLEASE PRINT***

**TO:** WEIL GOTSHAL & MANGES, LLP

**FROM:** JAMES MORRIS

**FAX NUMBER:** 1-212-310-8007

**SENDER'S PHONE #:** 1-410-687-6943

**DATE:** 11-15-04

**# OF PAGES:** 21

**Customer's Notes:** HEARING DATE FOR MOTION TO COMPEL DEBTOR & TRUSTEE (BETHLEHEM STEEL)

**Receiver:** If you have any difficulties with this transmission, please contact the sender at the phone number listed above.

**OFFICE DEPOT'S TERMS OF USE**

**SENDER AGREES NOT TO USE THIS FAX TO: (I) TRANSMIT MATERIAL WHOSE TRANSMISSION IS UNLAWFUL, HARASSING, LIBELOUS, ABUSIVE, THREATENING, HARMFUL, VULGAR, OBSCENE, PORNOGRAPHIC OR OTHERWISE OBJECTIONABLE; (II) CREATE A FALSE IDENTITY, OR OTHERWISE ATTEMPT TO MISLEAD OTHERS AS TO THE IDENTITY OF THE SENDER OR THE ORIGIN OF THIS FAX; (III) POST OR TRANSMIT ANY MATERIAL THAT MAY INFRINGE THE COPYRIGHT, TRADE SECRET, OR OTHER RIGHTS OF ANY THIRD PARTY; (IV) VIOLATE ANY FEDERAL, STATE OR LOCAL LAW IN THE LOCATION, OR (V) CONDUCT ACTIVITIES RELATED TO GAMBLING, SWEEPSTAKES, RAFFLES, LOTTERIES, CONTESTS, PONZI SCHEMES OR THE LIKE.**

**PLEASE NOTE THAT OFFICE DEPOT DOES NOT REVIEW THE CONTENTS OF ANY FAX SENT USING ITS SERVICES. FURTHER, BY SIGNING BELOW THE SENDER OF THIS FAX HEREBY AGREES TO INDEMNIFY OFFICE DEPOT TO THE FULLEST EXTENT OF THE LAW AND FOR ANY AND ALL CLAIMS, SUITS, OR DAMAGES ARISING OUT OR IN CONNECTION WITH THE REQUEST TO SEND, OR SENDING THIS FAX.**

X James N. Morris

(CUSTOMER'S SIGNATURE)

## VISIT OFFICE DEPOT FOR YOUR:

- **Color Copies- Black & White Copies**
- **Digital and High Volume Copies**
- **Business Cards, Letterhead and Envelopes**
- **Custom Pre-Inked Stamps**
- **Customs Signs and Banners**
- **UPS Shipping Service**
- **Passport Photos**
- **Ad Specialties**

**Store Information**

**Office Depot**
8640 Pulaski Highway, Unit 103
Rosedale, Maryland 21237
410-687-7060
Fax: 410-687-7065
E-mail:ods02207cpc@officedepot.com

**Thank you for using Office Depot's Customer FAX Service**

TRANSMISSION VERIFICATION REPORT

TIME : 11/15/2004 15:29
NAME :
FAX :
TEL :
SER.# : BROF3J505007

| | |
|---|---|
| DATE,TIME | 11/15 15:27 |
| FAX NO./NAME | 12123108007 |
| DURATION | 00:02:37 |
| PAGE(S) | 22 |
| RESULT | OK |
| MODE | STANDARD<br>ECM |

DALLAS
HOUSTON
MENLO PARK
MIAMI
WASHINGTON, D.C.

BRUSSELS
BUDAPEST
FRANKFURT
LONDON
PRAGUE
WARSAW

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re<br><br>BETHLEHEM STEEL CORPORATION, et al.<br><br>Debtors. | Chapter 11 Case Nos.<br><br>01-15288 (BRL) through 01-15302, 01-15308 through 01-15315 (BRL) (Jointly Administered) |
| --- | --- |

EXHIBIT (2)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER SECTIONS 1129(a) AND (b) OF THE BANKRUPTCY CODE AND RULE 3020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE CONFIRMING DEBTORS' PLAN OF LIQUIDATION**

WHEREAS, Bethlehem Steel Corporation ("Bethlehem") and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), as "proponents of the plan" within the meaning of section 1129 of title 11, United States Code (the "Bankruptcy Code"), filed the Debtors' Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, dated September 10, 2003 (such plan, as transmitted to parties in interest being the "Original Plan" and, as subsequently modified, the "Plan")[1] and the Disclosure Statement for Debtors' Plan of Liquidation, dated September 10, 2003 (as transmitted to parties in interest, the "Disclosure Statement"); and

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan, a copy of which is annexed hereto as Exhibit "A." Any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

45. Role of the Trustee. The Trustee shall (A) have the power and authority to hold, manage, sell, and distribute the Liquidating Trust Assets to the holders of Allowed General Unsecured Claims, (B) hold the Liquidating Trust Assets for the benefit of the holders of Allowed General Unsecured Claims, (C) have the power and authority to hold, manage, sell, and distribute Cash or non-Cash Liquidating Trust Assets obtained through the exercise of his power and authority, (D) have the power and authority to prosecute and resolve, in the names of the Debtors and/or the name of the Trustee, the Avoidance Actions without further order or authority from the Bankruptcy Court, (E) have the power and authority to prosecute and resolve objections to Disputed Claims, (F) have the power and authority to perform such other functions as are provided in the Plan and/or the Liquidating Trust Agreement, and (G) have the power and authority to administer the closure of the Chapter 11 Cases. After the certificates of cancellation, dissolution, or merger for all the Debtors (with the exception of Bethlehem Steel de Mexico, S.A. de C.V.) have been filed in accordance with Section 6.5(e) of the Plan, the Trustee shall be authorized to exercise all powers regarding the Debtors' tax matters, including filing tax returns, to the same extent as if the Trustee were the debtor in possession. The Trustee shall (A) complete and file as soon as possible, to the extent not previously filed, the Debtors' final federal, state, and local tax returns, (B) request an expedited determination of any unpaid tax liability of the Debtors under section 505(b) of the Bankruptcy Code for all tax periods of the Debtors ending after the Commencement Date through the liquidation of the Debtors as determined under applicable tax laws, to the extent not previously requested, and (C) represent the interest and account of the

appropriate, without the need to obtain approval or any other or further relief from the Bankruptcy Court. The Debtors may, in their sole discretion, offset any such claim held against a person, other than Avoidance Actions, against any payment due such person under the Plan, and the Trustee may, in his sole discretion, offset any claim with respect to Avoidance Actions held against a person against any payment due such person under the Plan; *provided, however*, that any claims of the Debtors arising before the Commencement Date shall first be offset against Claims against the Debtors arising before the Commencement Date.

49. ACE Objection. Notwithstanding any other term or provision in the Plan, this Confirmation Order (i) is without prejudice to any of the rights, claims, and/or defenses that ACE American Insurance Company and any other ACE USA-related company (collectively, "ACE") may have under any of their various insurance policies (collectively, the "Policies") and applicable law; (ii) confirms that, subject to applicable law, all of the terms, provisions, conditions, limitations, and/or exclusions contained in the Policies shall remain unmodified and in full force and effect; (iii) confirms that nothing in the Plan shall be deemed to create any insurance coverage that does not otherwise exist, if at all, under the terms of the Policies and applicable law, or create any direct right of action against ACE that does not otherwise exist under applicable state law; (iv) confirms that confirmation of the Plan is without prejudice to any of ACE's rights and/or defenses in any subsequent litigation in which ACE may seek any declaration regarding the nature and/or extent of any insurance coverage under the Policies and applicable law; and (v) confirms that nothing in the Plan shall be construed

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re<br><br>BETHLEHEM STEEL CORPORATION, et al.<br><br>Debtors. | : | Chapter 11 Case Nos.<br><br>01-15288 (BRL) through 01-15302, 01-15308 through 01-15315 (BRL)<br>(Jointly Administered) |

EXHIBIT (2)

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER UNDER SECTIONS 1129(a) AND (b) OF THE BANKRUPTCY CODE AND RULE 3020 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE CONFIRMING DEBTORS' PLAN OF LIQUIDATION**

WHEREAS, Bethlehem Steel Corporation ("Bethlehem") and its debtor subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), as "proponents of the plan" within the meaning of section 1129 of title 11, United States Code (the "Bankruptcy Code"), filed the Debtors' Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, dated September 10, 2003 (such plan, as transmitted to parties in interest being the "Original Plan" and, as subsequently modified, the "Plan")[1] and the Disclosure Statement for Debtors' Plan of Liquidation, dated September 10, 2003 (as transmitted to parties in interest, the "Disclosure Statement"); and

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to such terms in the Plan, a copy of which is annexed hereto as Exhibit "A." Any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

Allowed Other Secured Claims, and Allowed Priority Non-Tax Claims, (iii) reimbursing the Retirees who elected and paid for COBRA coverage commencing April 1, 2003, for their COBRA premiums covering the period April 1, 2003 through April 14, 2003, and (iv) completing the acts described in Section 6.5 of the Plan, the Debtors shall repay such Cash amounts to ISG by wire transfer of immediately available funds to an account designated by ISG and convey to ISG any other assets (other than (i) the Liquidating Trust Assets, or (ii) any other asset as directed by ISG, which assets may be abandoned without further Bankruptcy Court order) by delivering instruments of assignment and conveyance reasonably satisfactory to ISG; *provided, however,* that the Debtors are authorized, with the consent of the Committee, to make all or a portion of such repayments to ISG from time to time before the conditions in clauses (i) through (iv) of this decretal paragraph have been satisfied so long as in their reasonable business judgment there shall remain after any such repayment(s) sufficient Cash to satisfy all obligations referred to in such clauses. In the event any Cash remains in the Trustee Expense Fund after all the obligations imposed on the Trustee and the Liquidating Trust pursuant to the Plan have been satisfied, the Trustee shall repay such Cash amounts to ISG by wire transfer of immediately available funds to an account designated by ISG.

44. Return of Consideration Shares to ISG. Pursuant to Section 5.2(c) of the Plan, except to the extent that ISG otherwise agrees, if the Consideration Shares (or the proceeds of a sale thereof) are not distributed to the Trustee for the benefit of the holders of Allowed General Unsecured Claims prior to July 1, 2004, on July 1, 2004, the Debtors shall (i) pay $15,000,000 to ISG by wire transfer of immediately available funds, or (ii) deliver the Consideration Shares (or the proceeds of a sale thereof) to ISG.

45. Role of the Trustee. The Trustee shall (A) have the power and authority to hold, manage, sell, and distribute the Liquidating Trust Assets to the holders of Allowed General Unsecured Claims, (B) hold the Liquidating Trust Assets for the benefit of the holders of Allowed General Unsecured Claims, (C) have the power and authority to hold, manage, sell, and distribute Cash or non-Cash Liquidating Trust Assets obtained through the exercise of his power and authority, (D) have the power and authority to prosecute and resolve, in the names of the Debtors and/or the name of the Trustee, the Avoidance Actions without further order or authority from the Bankruptcy Court, (E) have the power and authority to prosecute and resolve objections to Disputed Claims, (F) have the power and authority to perform such other functions as are provided in the Plan and/or the Liquidating Trust Agreement, and (G) have the power and authority to administer the closure of the Chapter 11 Cases. After the certificates of cancellation, dissolution, or merger for all the Debtors (with the exception of Bethlehem Steel de Mexico, S.A. de C.V.) have been filed in accordance with Section 6.5(e) of the Plan, the Trustee shall be authorized to exercise all powers regarding the Debtors' tax matters, including filing tax returns, to the same extent as if the Trustee were the debtor in possession. The Trustee shall (A) complete and file as soon as possible, to the extent not previously filed, the Debtors' final federal, state, and local tax returns, (B) request an expedited determination of any unpaid tax liability of the Debtors under section 505(b) of the Bankruptcy Code for all tax periods of the Debtors ending after the Commencement Date through the liquidation of the Debtors as determined under applicable tax laws, to the extent not previously requested, and (C) represent the interest and account of the

appropriate, without the need to obtain approval or any other or further relief from the Bankruptcy Court. The Debtors may, in their sole discretion, offset any such claim held against a person, other than Avoidance Actions, against any payment due such person under the Plan, and the Trustee may, in his sole discretion, offset any claim with respect to Avoidance Actions held against a person against any payment due such person under the Plan; *provided, however*, that any claims of the Debtors arising before the Commencement Date shall first be offset against Claims against the Debtors arising before the Commencement Date.

49. ACE Objection. Notwithstanding any other term or provision in the Plan, this Confirmation Order (i) is without prejudice to any of the rights, claims, and/or defenses that ACE American Insurance Company and any other ACE USA-related company (collectively, "ACE") may have under any of their various insurance policies (collectively, the "Policies") and applicable law; (ii) confirms that, subject to applicable law, all of the terms, provisions, conditions, limitations, and/or exclusions contained in the Policies shall remain unmodified and in full force and effect; (iii) confirms that nothing in the Plan shall be deemed to create any insurance coverage that does not otherwise exist, if at all, under the terms of the Policies and applicable law, or create any direct right of action against ACE that does not otherwise exist under applicable state law; (iv) confirms that confirmation of the Plan is without prejudice to any of ACE's rights and/or defenses in any subsequent litigation in which ACE may seek any declaration regarding the nature and/or extent of any insurance coverage under the Policies and applicable law; and (v) confirms that nothing in the Plan shall be construed

Confirmation Order are integrated with each other and are nonseverable and mutually

dependent unless expressly stated by further order of this Bankruptcy Court.

Dated: New York, New York
      October 22, 2003


               /s/Burton R. Lifland
               UNITED STATES BANKRUPTCY JUDGE

[illegible] COURT

[illegible]

[illegible] COUNTY

[illegible]-008278

* * * * * * * * * * * * *

[illegible] THE STAY

[illegible] Stumptner, by their [illegible] Opposition to Plaintiff's Motion [illegible]

1. [illegible] as a result of the [illegible] Corporation.

2. [illegible] Robert Stumptner, have a [illegible] this Court.

3. [illegible] dismissal with prejudice of [illegible]

4. [illegible] oppose any dismissal of [illegible] proceeding federal Court is [illegible] Keibler-Thompson and Mr. [illegible] of Bethlehem Steel and [illegible] indemnification for the sole [illegible] against Keibler-Thompson [illegible]

Wherefore, for the foregoing reasons, Defendants Keibler-Thompson Corporation and Robert Stumptner respectfully request that this Court deny the Plaintiff's request to dismiss Bethlehem Steel from the above-captioned matter.

Respectfully Submitted,

Jonathan P. Stebenne
Law Offices of Jonathan P. Stebenne
100 South Charles Street
Tower II – Suite 1101
Baltimore, Maryland 21201
410/752-0575

Attorneys for Defendants
Keibler-Thompson and Stumptner

| | | |
|---|---|---|
| JAMES MORRIS | * | IN THE |
| Plaintiff | * | CIRCUIT COURT |
| v. | * | FOR |
| KEIBLER-THOMPSON CORP., et al. | * | BALTIMORE COUNTY |
| Defendants | * | 03-C-99-008278 |

* * * * * * * * * * * * *

**ORDER**

Upon consideration of Defendant's Opposition To Plaintiff's Motion to Remove the Stay and request to dismiss Bethlehem Steel, and the Opposition of Keibler-Thompson and Robert Stumptner, it is this _________ day of ___________, 2004, hereby

**ORDERED**, by the Circuit Court of Baltimore County that the Motion be, and hereby is DENIED to the extent it seeks to dismiss Bethlehem Steel from this case.

________________________________

JUDGE

cc: Jonathan P. Stebenne, Esquire
Patricia Maher, Esquire
Benjamin Goertemiller, Esquire
Michael Green, Esquire
Paul Weykamp, Esquire
James N. Morris, Pro Se

LAW OFFICES
OF
**JONATHAN P. STEBENNE**
SUITE 1101 - TOWER II
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201

TELEPHONE: (410) 752-0575
FAX: (410) 244-7033

JONATHAN P. STEBENNE
EUGENE A. EDGETT, JR.
A. PAUL KAYE
EUGENE CATANIA
SHARON M. CHAMBERS
S. PATRICK SULLIVAN
GREGORY J. JONES
MARK J. STRONG
JAMIE S. BONENBERGER
KELLY A. BURRELL
ANDREW T. NICHOLS

June 10, 2004

Clerk of Court
Circuit Court for Baltimore County
County Courts Building
401 Bosley Avenue
Towson, MD 21204-0754

RE: James Morris v. Keibler-Thompson Corp., et al.
Court No.: 03-C-99-008278
Our File No.: PX303-008509-01

Dear Civil Clerk:

Please file the enclosed Opposition to Plaintiff's Motion to Remove the Stay, and proposed Order which I am submitting on behalf of Defendants Keibler-Thomspon and Robert Stumptner. An extra copy of the Motion is enclosed so that it may be date-stamped and returned me in the enclosed, stamped and self-addressed envelope.

Thank you very much for your assistance.

Very truly yours,

Jonathan P. Stebenne
JPS/kdw
Enclosures

cc: James Morris, *Pro Se*
Benjamin Goertemiller, Esquire
Patricia Maher, Esquire
Michael Green, Esquire
Paul A. Weykamp, Esquire

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 10th day of June, 2004, a copy of the foregoing was mailed first-class, postage pre-paid to:

James N. Morris, *Pro Se*
1233 Kahler Avenue
Rosedale, Maryland 21237-2826

Patricia Maher, Esquire
Maher & Associates
502 Washington Avenue
Nottingham Centre – Suite 410
Towson, Maryland 21204

Benjamin R. Goertemiller, Esquire
Albright Brown & Goertemiller, LLC
120 East Baltimore Street, Suite 2150
Baltimore, Maryland 21202

Michael Green, Esquire
505 Park Avenue, 3rd Floor
Baltimore, Maryland 21201

Paul A. Weykamp, Esquire
110 St. Paul Street, Suite 300
Baltimore, Maryland 21202

Jonathan P. Stebenne
Law Offices of Jonathan P. Stebenne
100 South Charles Street
Tower II – Suite 1101
Baltimore, Maryland 21201
410/752-0575

Attorneys for Defendants
Keibler-Thompson and Stumptner

COUNTY

STEEL

STAY

by Benjamin R.

Removal/Dismissal with

Steel Corporation for

tions have received

against findings of

Response to other

## REQUEST FOR HEARING

Raymond Graf and Bethlehem Steel Corporation request a hearing on Plaintiff's Motion.

/s/ Benjamin R. Goertemiller

Benjamin R. Goertemiller

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of July, 2004 a copy of the foregoing Response to Plaintiff's Motion to Lift Stay was mailed first class to:

Patricia M. Maher, Esquire
Maher & Associates
502 Washington Avenue
Suite 410 Nottingham Centre
Towson, Maryland 21204

Michael Green Esquire
Franklin & Schapiro, Chartered
505 Park Avenue, 3rd Floor
Baltimore, Maryland 21201

Paul A. Weykamp, Esquire
110 St. Paul Street, Suite 300
Baltimore, Maryland 21202

Jonathan P. Stebenne, Esquire
Law Office of Jonathan P. Stebenne
Suite 1101 – Tower II
100 South Charles Street
Baltimore, Maryland 21201

James N. Morris
1233 Kahler Avenue
Rosedale, Maryland 21237

/s/ Benjamin R. Goertemiller

Benjamin R. Goertemiller

Confirmation Date are to remain in full force and effect until the closing of the Debtors cases; and it appearing

THAT on February 2, 2004, the Plaintiff filed the seeking relief from the Automatic Stay to remove or dismiss the Debtor from the State Court Litigation; and it appearing

THAT pursuant to the Plan and that certain Liquidating Trust Agreement, dated as of December 31, 2003, the Bethlehem Steel Corporation Liquidating Trust (the "Liquidating Trust") was created to, among other things, take any and all action that the Liquidating Trustee (the "Trustee") deems necessary for the continuation, protection and maximization of the Liquidation Trust Assets (as defined in the Plan); and it appearing

THAT immediate relief from this Court is necessary, and after due deliberation and sufficient cause appearing to grant the relief requested; it is hereby

ORDERED, that the Motion is hereby granted; and it is further

ORDERED, that the Automatic Stay shall be modified solely to permit James Morris to remove or dismiss, with prejudice, Bethlehem from the State Court Litigation; and it is further

ORDERED, that except as specifically provided herein, the provisions of section 362 of the Bankruptcy Code, including, without limitation, those provisions prohibiting execution, enforcement or collection of any judgment that may be obtained against the Debtor or the Liquidating Trust and/or assets or properties of the Debtor's estate or the Liquidating Trust shall remain in full force and effect.

IT IS SO ORDERED.

Dated: February 26, 2004
New York, New York

/s/Burton R. Lifland
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE