KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Franklin Ciaccio (FC7024)
Tel:  (212) 556-2100
Fax:  (212) 556-2222
*Attorneys for Bethlehem Steel*
*Corporation Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re | : | **Chapter 11 Case Nos.** |
| | : | |
| **BETHLEHEM STEEL CORPORATION,** | : | **01-15288 (BRL) through** |
| **et al.**, | : | **01-15302, and 01-15308** |
| | : | **through 01-15315 (BRL)** |
| **Debtors.** | : | **(Jointly Administered)** |
| | : | |

**MOTION OF BETHLEHEM STEEL CORPORATION LIQUIDATING TRUST TO**
**EXTEND THE TERM OF THE LIQUIDATING TRUST TO DECEMBER 31, 2010**

**TO THE HONORABLE BURTON R. LIFLAND**
**UNITED STATES BANKRUPTCY JUDGE:**

Bethlehem Steel Corporation Liquidating Trust (the "Trust"), by and through its attorneys, King & Spalding LLP, hereby moves this Court for an order extending the term of the Trust through and including December 31, 2010 (the "Motion"), and in support thereof represents as follows:[1]

---

[1] All capitalized terms used but not defined herein shall have the respective meanings ascribed to them in the Bethlehem Steel Corporation Plan of Liquidation Under Chapter 11 of the Bankruptcy Code, dated

## Background

1. On October 15, 2001 (the "Petition Date"), Bethlehem Steel Corporation and its affiliated debtor companies (collectively, "Bethlehem Steel") commenced cases under chapter 11, title 11, of the United States Code (the "Bankruptcy Code").

2. On October 22, 2003, this Court entered an Order, confirming the Bethlehem Steel Plan of Liquidation Under Chapter 11 of the Bankruptcy Code (the "Plan").

3. In anticipation of the creation of the liquidating trust contemplated in the Plan (the "Trust"), Bethlehem Steel, the Official Committee of Unsecured Creditors (the "Committee"), and James A. Goodman entered into a letter agreement (the "Engagement Agreement"), on December 22, 2003, confirming the engagement of Mr. Goodman as the Liquidating Trustee (the "Trustee"), effective December 31, 2003. The Engagement Agreement further set forth the scope of the powers and authority, and the duties and responsibilities, of the Trustee, including the day-to-day management of the affairs of the Trust upon commencement of its operations.[2]

4. The Trust was thereafter established effective December 31, 2003, pursuant to a Liquidating Trust Agreement of even date, between and among Bethlehem Steel and the Trustee (the "Trust Agreement"), for the purpose, among other things, of taking any and all action that the Trustee deemed necessary for the continuation, protection and maximization of the Liquidating Trust Assets.

---

September 10, 2003, and the Liquidating Trust Agreement, dated as of December 31, 2003, as more particularly described herein.

[2] Pursuant to the Plan, Bethlehem Steel (as well as the Committee) were both dissolved as of December 31, 2003, the Effective Date of the Plan.

5. The Plan provided that the Trust would remain in existence for a period of five years from the Effective Date, unless the purposes for which the Trust was established were discharged by an earlier date or, alternatively, the Bankruptcy Court determined to extend its operation. By Order, dated December 2, 2008, upon application of the Trustee, the Bankruptcy Court extended the term of the Trust through and including December 31, 2009.

6. Pursuant to section 4.2 of the Trust Agreement, the Trustee is responsible for the liquidation of the Liquidating Trust Assets and making timely distributions to the record holders of interests in the Trust (the "Interest Holders").

7. The Plan established four classes of Trust Assets that were transferred to the Trust pursuant to the Plan and the Liquidating Trust Agreement: (i) certain shares of common stock of International Steel Group, Inc. (the "Consideration Shares"); (ii) the assets held by the Lukens Inc. Supplemental Retirement Trust (the "Lukens Trust Assets"); (iii) a Trustee Expense Fund; and (iv) the collections realized on the settlement or resolution of certain avoidance actions commenced before or after the Effective Date of the Plan (the "Avoidance Assets").

8. The Trustee has performed such duties as contemplated by the Trust Agreement and has fully disposed of the Consideration Shares, the Lukens Trust Assets, and substantially all of the assets constituting the Trustee Expense Fund, for the benefit of the Interest Holders. The only Trust assets that remain to be fully liquidated and distributed to the Interest Holders are believed to be the Avoidance Assets.

9. As a result of the foregoing efforts, the Trust has made six (6) distributions to Interest Holders. Distributions were made on the following dates and in the following amounts:

| Date of Distribution | Total Amount Distributed |
|---|---|
| December 23, 2004 | $23,205,063 |
| December 23, 2005 | $4,193,000 |
| December 15, 2006 | $4,170,000 |
| November 5, 2007 | $1,389,000 |
| October 3, 2008 | $2,778,000 |
| May 18, 2009 | $1,389,000 |

10. As of the date hereof, an aggregate amount of $37,124,063 has been distributed to Interest Holders from the Trust.

11. An aggregate amount of approximately three thousand three hundred (3,300) avoidance actions have been commenced by the Trust for the benefit of the Interest Holders.

12. As of the date hereof, approximately three thousand two hundred (3,200) of such avoidance actions have been settled, resolved, or disposed of. Approximately one hundred (100) avoidance actions remain outstanding.

13. The Trust is actively seeking mediation of the avoidance actions that remain outstanding and expects to obtain a substantial recovery which will be distributed to the Interest Holders in accordance with the Plan and the Trust Agreement.

14. Pursuant to the terms of the Trust Agreement, the Trust is scheduled to dissolve on December 31, 2009, unless the Court, upon motion within the six month period prior to December 31, 2009, determines that a fixed period extension not to exceed three (3) years "is

necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets or the dissolution of the Debtors." [Trust Agreement § 8.1]

15. The Trustee will not be able to complete liquidation of the remaining avoidance actions and distribute the recovered Avoidance Assets to the Interest Holders prior to December 31, 2009.

**Jurisdiction**

16. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

17. By this Motion, the Trustee seeks the entry of an order, in the form attached hereto as Exhibit A, (i) extending the term of the Trust through and including December 31, 2010, and (ii) modifying the terms of his engagement in connection therewith.

Extension of the Trust Term

18. The express terms of the Trust Agreement provide that the term of the Trust may be extended as necessary to facilitate or complete the recovery and liquidation of the Liquidating Trust Assets. The Trustee submits that a one year extension of the term of the Trust is necessary to facilitate and complete the recovery of the remaining avoidance actions, with such recovery constituting Avoidance Assets that will be promptly distributed to the Interest Holders.

1080928

19. The Trustee has been actively prosecuting the avoidance actions and has made significant progress thus far, having resolved or otherwise brought to judgment approximately three thousand two hundred (3,200) of the approximate three thousand three hundred (3,300) avoidance actions that have been filed, resulting in substantial distributions to the Interest Holders.

20. The Trustee anticipates obtaining a significant recovery on the remaining avoidance actions and distributing a substantial portion of such recovery to the Interest Holders. The expected recovery will exceed costs and expenses that will be associated with a one year extension of the term of the Trust. As such, a one year extension of the Trust is in the best interests of the Interest Holders.

21. A one year extension of the term of the Trust will not unduly prolong the Trust, but will sufficiently enable the Trust to (i) obtain a substantial recovery from the further prosecution of the remaining avoidance actions, (ii) make final distributions of all remaining Liquidating Trust Assets to the Interest Holders, and (iii) conclude the remaining administrative responsibilities of the Trustee, followed by the wind down of the Trust.

22. Accordingly, pursuant to section 8.1 of the Trust Agreement, the Trustee hereby seeks an extension of the term of the Trust by one year to December 31, 2010. At such time, it is contemplated, subject to circumstances then existing, application will be made to have the Trust wind down its operations in accordance with its terms and pursuant to applicable law.

6
1080928

Modification of Liquidating
<u>Trustee Terms of Engagement</u>

23.　In conjunction with the relief sought for the extension of the term of the Trust through and including December 31, 2010, the Trustee seeks approval by this Court of the modification of the terms of the Engagement Agreement relating to the monthly compensation of the Trustee.

24.　During such extended term of the Trust, it is anticipated that its administration will experience decreased activity, notwithstanding the continued prosecution of preference avoidance actions from which additional amounts of recoveries are projected. This reduction of administrative activity will, in all likelihood, lessen the amount of time required of the Trustee with respect to his attendance to its affairs.

25.　Pursuant to section 4.7(a) of the Trust Agreement, the compensation of the Trustee may be modified by the Trust Advisory Board with the agreement of the Trustee.[3]

26.　On June 16, 2008, at a duly convened meeting of the Trust Advisory Board,[4] the Trustee informed the members of the Board that he would apply to the Bankruptcy Court for an extension of the term of the Trust through and including December 31, 2010. In anticipation of the decrease in administration activity which the Trust would experience during such time and the likely reduction in the amount of time that would be required of the Trustee with respect to his attendance to its affairs, the Trustee and the Board members discussed whether a reduction in

---

[3] On December 8, 2005, the members of the Trust Advisory Board unanimously agreed to modify the terms of the Trustee's compensation and such modification was approved by the Bankruptcy Court.

[4] The current members of the Trust Advisory Board are Mr. Jay Lazar, Counsel to ArcelorMittal USA Inc., the major Holder of Trust Interests. Mr. Keith Eldridge, former member of the Committee, and Mr. Gary E. Heasley, former financial consultant to the Committee.

the Trustee's compensation commencing September 1, 2009 through and including the termination of the Trust, would be appropriate.

27. The Trustee and the members of the Advisory Board thereafter agreed that, subject to the approval by the Bankruptcy Court to the extension of the term of the Trust through and including December 31, 2010, the compensation of the Trustee would be reduced from its existing rate of $25,000 per month under the Engagement Agreement between September 1, 2009 through and including December 31, 2009 to a fixed rate of $18,000 per month, and, commencing January 1, 2010 during the extended term of the Trust through and including its termination, at a fixed rate of $15,000 per month. In all other respects, the compensation of the Trustee will remain the same.

28. Accordingly, this Motion seeks approval by the Bankruptcy Court for the modification of the Engagement Agreement to reflect a reduction in compensation to be paid to the Trustee from September 1, 2009 through and including December 31, 2009 at a fixed rate of $18,000 per month and, commencing January 1, 2010, during the extended term of the Trust through and including its termination, at a fixed rate of $15,000 per month, plus reimbursement of all reasonable out-of-pocket expenses (including attorneys' fees).

## Waiver of Memorandum of Law

The Trust submits that no novel issue of law is presented with respect to the matters contained herein and respectfully requests that the requirement of a memorandum of law, pursuant to Rule 9013-1(b) of the Local Rules of the United States Bankruptcy Court for the Southern District of New York, be waived. No other or prior motion for the relief requested herein has been made to this or any other court, other than the previous motion by the Trust,

dated November 21, 2008, for a one year extension of the term of the Trust through and including December 31, 2009, which was granted by this Court on December 2, 2008, and the previous motion by the Trust, dated December 27, 2005, with respect to the modification of the compensation of the Trustee, which was similarly granted by this Court on December 30, 2005.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order (i) extending the term of the Trust through and including December 31, 2010; (ii) approving the modification of the terms of the Engagement Agreement to reflect the reduction of the monthly compensation of the Trustee from $25,000 per month to $18,000 per month from September 1, 2009 through and including December 31, 2009 and, commencing January 1, 2010, during the extended term of the Trust through its termination, at a fixed rate of $15,000 per month, plus reimbursement of all reasonable out-of-pocket expenses (including attorneys' fees); and (iii) otherwise granting the Trust such other and further relief as is just and proper.

Dated: New York, New York
September 21, 2009

Respectfully submitted,

/s/ Franklin Ciaccio
Franklin Ciaccio, Esq. (FC# 7024)
KING & SPALDING LLP
1185 Avenue of the Americas
New York, New York 10036
Tel: (212) 556-2285
Fax: (212) 556-2222
fciaccio@kslaw.com

*Counsel for Bethlehem Steel
Corporation Liquidating Trust*

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
In re                                           :      Chapter 11 Case Nos.
                                                :
BETHLEHEM STEEL CORPORATION,   :      01-15288 (BRL) through
et al.,                                          :      01-15302, and 01-15308
                                                :      through 01-15315 (BRL)
         Debtors.                            :      (Jointly Administered)
                                                :
-------------------------------------------------------x

### ORDER GRANTING MOTION OF BETHLEHEM STEEL CORPORATION LIQUIDATING TRUST TO EXTEND THE TERM OF THE LIQUIDATING TRUST TO DECEMBER 31, 2010

Upon the motion (the "Motion") of Bethlehem Steel Corporation Liquidating Trust (the "Trust") for an Order extending the term of the Trust to December 31, 2010 and, in conjunction therewith modifying the terms of the Engagement Agreement relating to the monthly compensation of the Liquidating Trustee, and after a hearing having been held on October 1, 2009, regarding the Motion; and it appearing that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor; it is hereby

**ORDERED** that the Motion is granted, in its entirety; and it is further

**ORDERED** that the term of the Trust is extended to December 31, 2010; and it is further

**ORDERED** that the compensation of the Trustee be reduced from its existing rate of $25,000 per month under the Engagement Agreement, commencing September 1, 2009 through and including December 31, 2009, to a fixed rate of $18,000 per month, and during the extended term of the Trust, commencing January 1, 2010 through and including its termination, said compensation be further reduced to a

1080932

fixed rate of $15,000 per month , plus reimbursement of all reasonable out-of-pocket expenses (including attorneys' fees); and it is further

**ORDERED** that the Clerk of the Court shall immediately enter this Order.

**IT IS SO ORDERED.**

Dated: New York, New York
October ___, 2009

---

BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE

1080932